UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-348(DSD)
Criminal No. 02-187(DSD/SRN)

United States of America,

Plaintiff,

v. **ORDER**

Gary Duane Schultz,

Defendant.

This matter is before the court upon defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court denies defendant's motion.

**BACKGROUND**

On July 1, 2002, defendant pleaded guilty to an information charging one count of mail fraud, in violation of 18 U.S.C. § 1341, and one count of engaging in a monetary transaction in criminally derived property, in violation of 18 U.S.C. § 1957. On October 11, 2002, the court sentenced defendant to concurrent terms of sixty-three (63) months imprisonment on each count followed by five years of supervised release. Defendant appealed his sentence to the United States Court of Appeals for the Eighth Circuit, and the court affirmed. United States v. Schultz, 66 Fed. Appx. 665 (8th

Cir. 2003) (per curiam). Defendant's petition for rehearing by the Eighth Circuit panel was denied on July 17, 2003. Defendant now moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

The United States argues that defendant has brought his section 2255 motion outside the limitation period prescribed by section 105 of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255 (1996). The court concludes that, although its analysis is flawed, the government's conclusion is correct.

Section 2255 places a one-year period of limitation on motions brought under its provisions. 28 U.S.C. § 2255. In most cases, the period runs from the "date on which the judgment of conviction becomes final."[1] Id. When the defendant has not sought a writ of certiorari from the Supreme Court on direct review, the date on which the judgment of conviction becomes final is the last day upon which the defendant could have sought the writ. See Clay v. United States, 537 U.S. 522, 532 (2003).

The United States argues that defendant's judgment of conviction became final on August 22, 2003, ninety days after

[1] The court agrees with the United States that none of the exceptions to this general rule applies.

judgment was entered in the court of appeals on May 23, 2003.[2] Presumptively, that would be the last day upon which defendant could petition for a writ of certiorari. Sup. Ct. R. 13(1). However, the government overlooked the fact that defendant filed a timely petition for rehearing by the Eighth Circuit panel. (Court of Appeals Docket Entry, June 26, 2003.) When a petition for rehearing is seasonably filed, the time for filing a petition for certiorari does not begin to run until the court of appeals enters an order denying the rehearing. Sup. Ct. R. 13(3). The Eighth Circuit denied defendant's petition for rehearing on July 17, 2003. Therefore, the time for defendant to seek a petition for certiorari began on July 18, 2003, and ended on October 15, 2003. See Sup. Ct. R. 30(1) ("the day of the act, event, or default from which the designated period begins to run is not included"). Accordingly, the last day upon which defendant could have filed a timely section 2255 motion was October 15, 2004.

Defendant affixed his signature to the present motion on February 15, 2005. The motion is therefore untimely, and the court declines to consider it.

[2] Actually, the ninetieth day after judgment was entered was August 21, 2003.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to vacate, set aside or correct sentence [Doc. No. 66] is dismissed as untimely.

2. Defendant's application to proceed in forma pauperis [Doc. No. 67] is denied as moot.

Dated: April 21, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court